**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF MISSISSIPPI**
**GREENVILLE DIVISION**

**LATOYA BLACK** **PLAINTIFF**

**v.** **CIVIL ACTION NO.: 4:26-cv-41-JMV**

**COMMISSIONER OF SOCIAL SECURITY** **DEFENDANT**

**ORDER AND OPINION**

This action is before the Court pursuant to 42 U.S.C. § 405(g) for review of the Commissioner's decision denying Plaintiff's June 1, 2022, application for Title XVI (Supplemental Security Income) benefits under the Social Security Act. The Administrative Law Judge ("ALJ") issued a June 13, 2025, decision finding that Plaintiff was not disabled, as defined in the Social Security Act, during the period from the June 1, 2022 (the application date), through June 13, 2025 (the decision date). On January 22, 2026, the Appeals Council denied Plaintiff's request for review of the June 13, 2025, ALJ decision.

Plaintiff presents the following three arguments on appeal: (1) the ALJ failed to reconcile the vocational expert's testimony regarding off-task time with the residual functional capacity, (2) the ALJ erred in assessing limitations for Plaintiff's off-task time in the residual functional capacity, and (3) the ALJ failed to find a closed period of disability due to Plaintiff being unable to perform work at a substantial gainful activity level for a continuous period of one year from her filing date on June 1, 2022, through the date of her bypass procedure on June 19, 2023.

**BACKGROUND**

Of relevance to the issues raised here, the ALJ found in his June 13, 2025, decision that Plaintiff's chronic ischemic heart disease was a severe impairment, and the ALJ proceeded

with the sequential evaluation process ultimately determining that Plaintiff's residual functional capacity ("RFC") as follows:

> light work as defined in 20 CFR 416.967(b) except that she could occasionally climb ramps or stairs; would never climb ladders, ropes, or scaffolds; would occasionally stoop, kneel, crouch, or crawl; would never work at unprotected heights; could be off task up to 10%; and might be absent once per month, missing a scheduled work shift either partially or fully one time per month.

(Tr. 24).

The ALJ also obtained vocational expert ("VE") testimony identifying unskilled light, work that could be performed by an individual with the same age, education, work history, and the specified exertional and non-exertional functional limitations as set forth in the RFC. The ALJ considered VE testimony and found at step five of the sequential evaluation process that Plaintiff was capable of making a successful adjustment to other work that existed in significant numbers in the national economy. The ALJ noted that the VE, in response to an additional, more restrictive hypothetical question, also identified a significant number of jobs that such a person could perform. (Tr. 29). The ALJ found that Plaintiff was not disabled.

## STANDARD OF REVIEW

Judicial review of the Commissioner's final administrative decision is limited under 42 U.S.C. § 405(g) to two inquiries: (1) whether substantial evidence of record supports the Commissioner's decision, and (2) whether the decision comports with relevant legal standards. *Villa v. Sullivan*, 895 F.2d 1019, 1021 (5th Cir. 1990). "Under the substantial-evidence standard, a court looks to an existing administrative record and asks whether it contains 'sufficien[t] evidence' to support the agency's factual determinations." *Biestek v. Berryhill*, 587 U.S. 97, 102 (2019) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). "And whatever the meaning of 'substantial' in other contexts, the threshold for such evidentiary sufficiency is

not high." *Id.* at 103. Substantial evidence "means—and means only—'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Id.* The Fifth Circuit has described it as a "highly restrictive, substantial-evidence standard of review." *Thomas v. Colvin*, 669 F. App'x 250, 251 (5th Cir. 2016). A finding of no substantial evidence is appropriate only where no credible evidentiary choices or medical findings exist to support the decision. *Johnson v. Bowen*, 864 F.2d 340, 343-44 (5th Cir. 1988).

## DISCUSSION

In support of her first argument, Plaintiff asserts that the VE's testimony to the effect that there are jobs that Plaintiff can do even if she is off task up to ten percent of the workday, but if required to take an *additional* thirty minutes of breaks, there would be no jobs for her (Tr. 66)[1] somehow makes the VE's testimony inconsistent with the RFC that itself only restricts her time off task to up to ten percent of the workday. Respectfully, this argument is nonsensical since it is clear that the ALJ's RFC did *not* include any daily time off beyond up to ten percent of the workday, and the VE's testimony was that that restriction, without additional daily time off required, would leave available jobs for Plaintiff. There simply is no viable issue here. It is the

---

[1] The following was also a relevant exchange at the administrative hearing:

> Q. If you have an individual because of medical impairments would have to have **additiona**l breaks through the workday that would be the usual perform for lunch and break and even after the break could be – and these would not be regularly predictable when these interruptions would be required, but they could be as much as 30 minutes to an hour in total during the work period, what impact would that have on a vocational basis?
>
> A. Yes, that would interrupt that person's ability to finish the work that they're assigned. It equates to being off task. It's a bit more obvious if they're taking a break and they're away from their workstation for whatever reason you're talking those breaks and are at the duration you described, that would render a person non-competitive in full-time employment.

(Tr. 66) (emphasis added).

ALJ, not the VE, that is responsible for making a finding as to residual functional capacity. *See* 20 C.F.R. §§ 416.945, 416.946; SSR 96-8p, 1996 WL 374184 (July 2, 1996).

The ALJ made a finding as to Plaintiff's RFC. (Tr. 24). Plaintiff has made no showing that she had greater functional limitations, beyond the limitations the ALJ specified, that lasted a duration of twelve months. The ALJ properly relied upon the VE's testimony identifying unskilled light work that could be performed by an individual with the same profile and the specified exertional and non-exertional limitations. (Tr. 24, 28-29, 60-61).

As her second argument, Plaintiff contends that the RFC should have included more daily time off task than up to ten percent of the workday. To support this argument, she asserts that the ALJ's stated rationale for the RFC in the hearing decision was the following:

> [T]he claimant has the above residual functional capacity assessment, which is supported by ejection fraction 60 to 65% with a Grade 1 diastolic dysfunction and mild mitral regurgitation. (*See* Exhibit 6F/24), a history of coronary artery bypass graft surgery (CABG) (*See* Exhibit 6F/17), and examination findings of trace right leg edema and decreased breath sounds in the left lower lobe (*See* Exhibit 6F/8).

[Doc. 15] (quoting Tr. 27). Yet immediately thereafter, Plaintiff inconsistently states in conclusory fashion: "The ALJ provides no rationale or explanation for the limitation in the RFC pertaining to off-task behavior thus creating a decision that is not supported by substantial evidence . . . ." *Id.* In short, Plaintiff has not pointed to any evidence that supports a greater daily off-task limitation, and she has the burden of proof for the first four steps of the sequential evaluation process. *See Vasquez v. O'Malley*, No. 24-50233, 2024 WL 4381269, at *2 (5th Cir. Oct. 3, 2024) (referencing "claimant's burden of proving disability through Step Four of the disability determination, including the RFC stage."). Here, the ALJ specified that Plaintiff could be off task up to ten percent each day (Tr. 24) and cited medical data in support, and Plaintiff points to no evidence of a greater limitation. Nor has, or can, Plaintiff show any

prejudice related to the ALJ's finding that Plaintiff could be off task up to ten percent. "The party seeking to overturn the Commissioner's decision has the burden to show that prejudice resulted from an error." *Madkins v. Bisignano*, 150 F.4th 657, 663 (5th Cir. 2025) (quoting *Jones v. Astrue*, 691 F.3d 734-35 (5th Cir. 2012)). Plaintiff has shown neither error nor prejudice.

Plaintiff's approach to the third assignment of error is equally lacking. There, she asserts *not* that she was unable to work for a twelve-month period from her onset date but, instead, that she could not work continuously throughout that period. Respectfully, that is not the requisite finding for a closed period of disability. Instead, it requires that the Plaintiff not be able to work for a continuous twelve-month period—not that she misses some work during a twelve-month period. As indicated in the June 13, 2025, decision, the Social Security Act includes a twelve-month duration requirement. (Tr. 19); *see also* 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A); 20 C.F.R. § 416.905(a). The evidence of record simply does not establish or suggest that Plaintiff was disabled for a period that lasted for a duration of twelve months, nor has Plaintiff even undertaken to demonstrate to the contrary with citation to substantial evidence. On the contrary, substantial evidence, including the May 2024 prior administrative medical findings of state agency medical consultant Dr. Thomson (that the ALJ found persuasive)[2] support the ALJ's June 13, 2025, decision.

In conclusion, substantial evidence and applicable authority support the ALJ's June 13, 2025, decision.

---

[2] Dr. Thomson found that Plaintiff retained the residual functional capacity to perform light work, with additional postural limitations. (Tr. 82). Plaintiff could stand and/or walk (with normal breaks) for a total of about six hours in an eight-hour workday. (Tr. 82).

**SO ORDERED**, this, the 2nd day of November, 2026.

/s/ Jane M. Virden

**UNITED STATES MAGISTRATE JUDGE**